UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-3700-GOODMAN

**UNITED STATES OF AMERICA**

vs.

**JORGE ALBERO PEREZ,**

    **Defendant.**

_____/

**GOVERNMENT'S MEMORANDUM ON PRE-TRIAL DETENTION**

Defendant Jorge Perez is charged with numerous counts relating to credit card fraud. He is set for a pre-trial detention hearing on Monday, Dec. 3, at 3:00 pm. The Government is seeking detention both on risk of flight and on danger to the community, specifically with regard to the danger of additional property crimes.

At the first phase of pre-trial detention proceedings in this case, the court inquired as to whether "the safety … of the community," as included in the detention criteria set forth in Title 18, United States Code, Section 3142, includes protection from potential property crimes committed by the defendant, or is limited to the potential for violent crimes.

The government has found no controlling 11th Circuit case law on this point. United States v. Provenzano, 605 F.2d 85, 95 (3rd Cir. 1979), held that courts are not confined to consider only harms involving an aura of violence in deciding whether a defendant seeking release on bail posed a danger to the community. A propensity to commit crime generally, even if not solely causing physical harm, may constitute a risk of danger sufficient to support detention.

Close to home, Magistrate Judge Edwin Torres provided a detailed analysis of the grounds and procedures for pre-trial detention in United States v. Giordano, 370 F. Supp. 2d 1256 (S.D.

Fla. 2005). Although in that case he denied the government's motion for detention, Judge Torres held that "there can be no question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act." Id at 1270.

Victims of credit card fraud can have their finances disrupted; their credit ruined, and have difficulty paying for the necessities of life while trying to undo the damage done by criminal offenders. There is no limiting language or any other basis in the statutory language for excerpting this sort of danger from the general terms of "danger to any person or the community" and "safety of any other person and the community" used as a basis for pre-trial detention, and the court should thus take this threat into consideration.

        Respectfully submitted,

        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   /s / Frank H. Tamen
      FRANK H. TAMEN
      ASSISTANT UNITED STATES ATTORNEY
      Florida Bar No. 261289
      99 Northeast 4th Street
      Miami, FL 33132-2111
      Tel.: (305) 961-9022
      Fax: (305) 536-7213

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed on the 3rd day of December 2018, with the Clerk of the Court using CM/ECF.

        /s/ Frank H. Tamen
        ASSISTANT UNITED STATES ATTORNEY